Ryan A. Shores (*pro hac vice*)
David I. Gelfand (*pro hac vice*)
Jacob M. Coate (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
202-974-1500
rshores@cgsh.com
dgelfand@cgsh.com
jcoate@cgsh.com

Heather S. Nyong'o (Bar No. 222202)
Matthew M. Yelovich (Bar No. 351330)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California St., Suite 2400
San Francisco, CA 94108
415-796-4400
hnyongo@cgsh.com
myelovich@cgsh.com

*Counsel for Capital One Financial Corporation*

Additional counsel identified on signature page

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Donald Fry, *et al.*, | Case Number: 4:25-cv-03769-HSG |
| *Plaintiffs*, | **DEFENDANT'S RESPONSE TO MAY 12, 2025, ORDER** |
| vs. | Hon. Haywood S. Gilliam, Jr. |
| Capital One Financial Corporation, | |
| *Defendant*. | |

i

On May 1, 2025, Plaintiffs sought a preliminary injunction blocking Capital One's acquisition of Discover—which is set to close on May 18. *See* Mot., ECF No. 5. Capital One responded to that Motion on May 6. ECF No. 27. Plaintiffs replied on May 8. ECF No. 29. On May 12, this Court ordered the parties to provide precedent from the Supreme Court, the Ninth Circuit, or other courts of appeals addressing "whether a plaintiff seeking preliminary injunctive relief may rely solely on the allegations in the complaint, or instead must produce evidence supporting its factual contentions." ECF No. 33.

Under Ninth Circuit caselaw, a preliminary-injunction movant must introduce evidence supporting their factual allegations. *Herb Reed Enters., LLC v. Florida Ent. Mgmt.*, 736 F.3d 1239, 1250–51 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."); *Gonzalez v. Arizona*, 485 F.3d 1041, 1050 (9th Cir. 2007) (holding that the movant had not demonstrated a likelihood of success because "[t]here [was] no evidence in the record" to support their assertions, including "no affidavits or declarations.").[1] "[T]he mere allegations of a complaint will never suffice to establish the prerequisites for obtaining a preliminary injunction." *Takiguchi v. MRI Int'l, Inc.*, 611 F. App'x 919, 921 (9th Cir. 2015) (unpub.) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)).

Indeed, merely submitting *some* evidence is not enough—the plaintiff must make a "clear showing" that they have satisfied the four preliminary-injunction factors. *See Winter*, 555 U.S. at 22; *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024). The Supreme Court has indicated that this imposes a "requirement for substantial proof" that is "much higher" than the standard required even for summary judgment. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). It would thus be inappropriate to issue a preliminary injunction on a pleadings standard (*i.e.*,

---

[1] Unless otherwise indicated, internal quotation marks, citations, and alterations have been omitted from quotations throughout.

1

allowing the plaintiff to rely solely on the complaint's allegations). For example, as the Seventh Circuit held in *Alarm Detection Systems, Inc. v. Village of Schaumburg*, although the plaintiffs had "*pleaded*" a plausible claim sufficient to survive a motion to dismiss, they had not "*demonstrated* a likelihood of success on the merits, as required for a preliminary injunction." 930 F.3d 812, 823 (7th Cir. 2019).

The Ninth Circuit, too, has rejected preliminary-injunction requests where the supporting evidence was insufficient to meet the movant's burden. For example, in *K-2 Ski Co. v. Head Ski Co.*, the Ninth Circuit reversed a preliminary injunction, concluding that, even where the movant provides supporting affidavits, "if the facts so appearing consist largely of general assertions which are substantially controverted by counter-affidavits, a court should not grant [a preliminary injunction] unless the moving party makes a further showing sufficient to demonstrate that he will probably succeed on the merits." 467 F.2d 1087, 1088–89 (9th Cir. 1972); *see Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (reversing preliminary injunction based on "conclusory" affidavits); *accord Oakland Tribune, Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).[2]

The Ninth Circuit has been particularly emphatic about the need for evidence establishing an irreparable harm before a district court can issue a preliminary injunction. For example, in *Herb Reed Enterprises*, the Ninth Circuit reversed a preliminary injunction, holding that "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm" and determining that the district court's irreparable-harm analysis was limited to "conclusory" "platitudes" rather than being "grounded in any evidence." 736 F.3d at 1250–51. Likewise, in *American Passage*, the Ninth Circuit reversed a preliminary injunction,

---

[2] As *K-2 Ski* explains, a *verified* complaint, which operates as an affidavit, "may afford the basis for a preliminary injunction," but again, only where that evidence is reliable and sufficient to carry the plaintiff's evidentiary burden. *See* 467 F.2d at 1087–89.

2

concluding that, although the movant had alleged irreparable harm and had even submitted supporting affidavits, those "affidavits [were] conclusory and without sufficient support in facts." 750 F.2d at 1473. In *Titaness Light Shop LLC v. Sunlight Supply*, the Ninth Circuit again reversed a preliminary injunction, concluding that although the movant had "asserted" that it would suffer irreparable harm, it "did not produce evidence establishing a likelihood of irreparable harm" and thus "was not entitled to preliminary relief." 585 F. App'x 390, 391–92 (9th Cir. 2014) (unpub.). And in *Prestige Transportation v. U.S. Small Business Administration*, the Ninth Circuit affirmed the denial of a preliminary injunction where, "despite alleging" irreparable harm, Plaintiffs "failed to submit *any* evidence" supporting that claim. 850 F. App'x 551, 551 (9th Cir. 2021) (unpub.). In each of these cases the movant had alleged or asserted irreparable harm. Nonetheless, in each of these cases the Ninth Circuit held that a preliminary injunction was unavailable because the movant had not introduced sufficient evidence supporting that assertion.

Other circuits have likewise held that a preliminary-injunction movant cannot simply rely on allegations. As the Fourth Circuit recently held, "a plaintiff seeking a preliminary injunction generally cannot rely on mere allegations in the complaint but must come forward with some evidence showing a likelihood of success on the merits." *Mahmoud v. McKnight*, 102 F.4th 191, 203 (4th Cir. 2024) (citing *Winter*, 555 U.S. at 20–21), cert. granted *sub nom. Mahmoud v. Taylor*, 145 S. Ct. 1123 (2025) (cert. granted on religious-liberty issue). Or as the Tenth Circuit has explained: "[p]reliminary injunctive relief requires evidentiary support" and "bare allegations are not a substitute for evidence." *Boles v. Colo. Dep't of Corr.*, No. 22-1086, 2023 WL 1463248, at *5 (10th Cir. Feb. 2, 2023) (unpub.). Indeed, some circuits have gone further and held that generally, "a preliminary injunction should not issue on the basis of affidavits alone." *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) (citing Second and Seventh Circuit caselaw).

3

Also, as the Supreme Court and the Ninth Circuit have held, under Federal Rule of Civil Procedure 52(a)(2), a district court must issue "findings of fact" supporting any preliminary injunction. *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 319 (1940); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007). And findings of fact must be supported by sufficient record evidence. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024). That is impossible to do in the absence of any evidence.

Finally, awarding a preliminary injunction based solely on the allegations is at odds with Supreme Court precedent. As the Court has held, a preliminary-injunction movant "must *establish*" the four preliminary-injunction factors. *Winter*, 555 U.S. at 20 (emphasis added). The Court did not say that a plaintiff must *allege* the four factors. And the Supreme Court has also repeatedly cautioned that a preliminary injunction is "extraordinary" relief. *Winter*, 555 U.S. at 22; *Starbucks*, 602 U.S. at 345. But if a plaintiff could obtain a preliminary injunction on a complaint's allegations alone, with no more judicial scrutiny than attends a motion to dismiss, such relief would go from being extraordinary to commonplace.

*     *     *

Defendant is unaware of any decision from either the Supreme Court or the Ninth Circuit holding that a movant may obtain the extraordinary relief of a preliminary injunction on mere allegations alone. To the contrary, as discussed above, decisions from the Supreme Court, the Ninth Circuit, and other circuits all show the opposite.

Dated: May 13, 2025

/s/ *Ryan A. Shores*
Ryan A. Shores (*pro hac vice*)
David I. Gelfand (*pro hac vice*)
Jacob M. Coate (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW

4

Washington, D.C. 20037
202-974-1500
rshores@cgsh.com
dgelfand@cgsh.com
jcoate@cgsh.com

Heather S. Nyong'o (Bar No. 222202)
Matthew M. Yelovich (Bar No. 351330)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California St., Suite 2400
San Francisco, CA 94108
415-796-4480
hnyongo@cgsh.com
myelovich@cgsh.com

*/s/ Adam L. Goodman*
Adam L. Goodman (*pro hac vice*)
Wachtell, Lipton, Rosen & Katz
51 W. 52nd St.
New York, NY 10019
212-403-1000
algoodman@wlrk.com

*Counsel for Defendant Capital One Financial Corporation*

## Attestation

Under Civil Local Rule 5-1(i)(3), I hereby attest that the other signatory to this document has concurred in its filing.

*/s/Ryan A. Shores*