ALIOTO LAW FIRM
JOSEPH M. ALIOTO (SBN 42680)
TATIANA V. WALLACE (SBN 233939)
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone: (415) 434-8900
Email:  jmalioto@aliotolaw.com
          twallace@aliotlaw.com

[ADDITIONAL COUNSEL LISTED ON LAST PAGE]

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FRY, KATHERINE ARCELL, JAN MARIE BROWN, JOSE BRITO, ROSEMARY D'AUGUSTA, PAMELA FAUST, CAROLYN FJORD, DONALD FREELAND, MICHAEL MALANEY, LEN MARAZZO, LISA MCCARTHY, TIMOTHY NEIBOER, DEBORAH PULFER, BILL RUBINSOHN, SONDRA RUSSELL, CLYDE STENSRUD, PAMELA WORD, CHRISTINE WHALEN, <br><br>                Plaintiffs, <br><br>   v. <br><br>CAPITAL ONE FINANCIAL CORPORATION, <br><br>                Defendant. | Case No. 4:25-cv-03769 (HSG) <br><br>**PLAINTIFFS' RESPONSE TO MAY 12 ORDER OF THE COURT** <br><br>Date:  May 14, 2025 <br>Time:  10:30 a.m. <br>Courtroom:  2, 4th Floor <br>(1301 Clay Street, Oakland) |

**PLAINTIFFS' RESPONSE TO MAY 12 ORDER OF THE COURT**

Plaintiffs, by and through their undersigned attorneys, respectfully submit the following Response to the May 12, 2025 Order of the Court [Dkt. No. 33]:

1

On May 12, the Court issued an Order "DIRECTING the parties to provide controlling authority (i.e.., Supreme Court or Ninth Circuit cases, not district court cases) or authority from other courts of appeal (again, no district court cases) regarding a plaintiff's evidentiary burden at the preliminary injunction stage." Specifically, the Court directed the parties to "identify and discuss case law addressing whether a plaintiff seeking preliminary injunctive relief may rely solely on the allegations in the complaint or instead must produce evidence supporting its factual contentions." [Dkt. No. 33].

With regard to the evidentiary burden, the Supreme Court identified a four-part balancing test in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.  The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).  "The Ninth Circuit weighs these factors on a sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success on the merits'—a preliminary injunction may still issue so long as 'the balance of hardships tips sharply in the plaintiff's favor' and the other two factors are satisfied." *Short v. Brown*, --- F.3d ---, 2018 WL 3077070, at *3 (9th Cir. 2018) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

In *University of Texas v. Camenisch*, 451 U.S. 390 (1981), the Supreme Court has explained:

> "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary injunction hearing, Progress Development Corp. v. Mitchell, 286 F.2d 222 (CA7 1961)…" Id. at 395.

As the Supreme Court stated, a party "is not required to prove his case in full at a preliminary-injunction hearing." *Id.* at 395. A plaintiff seeking a preliminary injunction need only prove "some likelihood of prevailing on the merits" along with irreparable harm. *AlliedSignal, Inc. v. B.F. Goodrich Co.*, 183 F.3d 568, 573 (7th Cir. 1999).

The Supreme Court cases relied on by the Plaintiffs in their Motion have not been overruled nor even diminished by later opinions and they dictate beyond any doubt that the proposed Capital One-Discover combination is unlawful. For example, in *Hospital Corp. of America v. Federal Trade Commission,* 807 F.2d 1381, 1385 (7th Cir. 1986), Judge Posner of the Seventh Circuit, citing *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962), *United States v. Aluminum Co. of Am.*, 377 U.S. 271 (1964), *United States vs. Von's Grocery Co.*, 384 U.S. 270 (1966) and *United States v. Pabst Brewing Co*., 384 U.S. 546 (1966), acknowledged that the continuous line of Supreme Court precedent, taken together, prohibited "any nontrivial acquisition of a competitor." He further observed that "The elimination of a significant rival was thought by itself to infringe the complex of social and economic values conceived by a majority of the Court to inform the statutory words 'may . . . substantially . . . lessen competition'". *Id.*

The issuance of a preliminary injunction is at the discretion of the district court. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiffs respectfully submit that they do not solely rely on the allegations in their Complaint. While unable to locate any case law directly responsive to the Court's specific request in the May 12 Order, Plaintiffs respectfully submit that they have presented the following evidence in support of their Motion for an Order to Show Cause:

- Evidence contained in the Complaint in support of its factual contentions;
- Declaration and Exhibits in support of Plaintiffs' Motion.

Finally, for the convenience of the Court, at the hearing, Plaintiffs are prepared to present live witness testimony of the Plaintiffs in support of their Motion regarding the threat of injury and the irreparable harm that may result if Capital One is permitted to acquire Discover.

Respectfully Submitted,

DATED: May 13, 2025              */s/ Joseph M. Alioto*

                                                ALIOTO LAW FIRM
                                                Joseph M. Alioto

                                                Attorneys for Plaintiffs

Additional Plaintiffs' Attorneys

Jeffery K. Perkins  (SBN 57996)
Law Offices of Jeffery K. Perkins
1550-G Tiburon Blvd. #344
Tiburon, CA 94920

Lawrence G. Papale (SBN 67068)
Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Tel:  707-963-1704
lgpapale@papalelaw.com

Christopher A. Nedeau (81297)
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117
Tel: 415-516-4010
cnedeau@nedeaulaw.net