Ryan A. Shores (*pro hac vice*)
David I. Gelfand (*pro hac vice*)
Jacob M. Coate (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
202-974-1500
rshores@cgsh.com
dgelfand@cgsh.com
jcoate@cgsh.com

Heather S. Nyong'o (Bar No. 222202)
Matthew M. Yelovich (Bar No. 351330)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California St., Suite 2400
San Francisco, CA 94108
415-796-4400
hnyongo@cgsh.com
myelovich@cgsh.com

Adam L. Goodman (*pro hac vice*)
Wachtell, Lipton, Rosen & Katz
51 W. 52nd St.
New York, NY 10019
212-403-1000
algoodman@wlrk.com

*Counsel for Capital One Financial
Corporation*

Joseph M. Alioto (SBN 42680)
Alioto Law Firm
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Donald Fry, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>Capital One Financial Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 4:25-cv-03769-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

1    The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT

2    STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the

3    Northern District of California and Civil Local Rule 16-9.

4    <u>Plaintiffs' Position:</u> This is a private antitrust case brought under Section 16 of the Clayton

5    Antitrust Act (15 USC §26) charging a violation of Section 7 of the Clayton Act (15 USC §18)

6    and seeking a permanent injunction to seek divesture of Discover by defendant Capital One

7    Financial Corporation.

8    Plaintiffs filed their complaint on April 30, 2025 (ECF No. 1) and sought a preliminary

9    injunction on May 1, 2025 (ECF No. 5). The Court denied that request on May 14, 2025 (ECF

10    No. 41). Plaintiffs filed an Appeal in the 9th Circuit regarding the denial of the Preliminary

11    Injunction. This case proceeds pursuant to the previous timetable set by this Court.

12    <u>Defendant's Position:</u>

13    Plaintiffs filed their Complaint on April 30, 2025 (ECF No. 1) and sought a preliminary

14    injunction on May 1, 2025 (ECF No. 5). The Court denied that request on May 14, 2025. ECF No.

15    41. The same day, the Court directed the parties to submit a joint case management statement by

16    May 20, 2025. *Id.* Because of the preliminary nature of this case and the short turnaround for filing

17    this statement, as noted below, the parties have not yet been able to take some of the steps that

18    might ordinarily precede a case management statement (*e.g.*, initial disclosures). Further, Capital

19    One maintains that discovery should not begin and that this Court should not enter a discovery

20    schedule until the Court first resolves Capital One's forthcoming motion to dismiss.

21    1.    Jurisdiction & Service

22    *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

23    The Complaint asserts jurisdiction under 28 U.S.C. §§ 1331, 1337(a) and 15 U.S.C. § 26.

24    Defendant has waived service under Rule 4. Defendant will raise any issues as to Plaintiffs' Article

25    III standing in its motion to dismiss, which is due July 1, 2025.

26

27    2.    Facts

28    *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

<u>Plaintiffs' Position</u>:

Capital One proposed and has now consummated the acquisition of its direct competitor, Discover Financial Services, for $35 billion.  Capital One and Discover issue credit cards.  Prior to the acquisition, Capital One had over 115 million cardholders.  Discover had over 66 million cardholders.  After the acquisition, Capital One now has over 181 million cardholders, more cardholders than any other issuer of credit cards.  Capital One and JP Morgan have the largest number of credit card holders, approximately 68% of all credit cards.

Prior to the acquisition, the purchase volume of Capital One's credit cards was over $610 billion and Discover card holders purchase volume was $212 billion.  After the acquisition, Capital One's purchase volume is over $822 billion, the third largest purchase volume.

Prior to the acquisition, Capital One had outstanding balances owed by cardholders of $135 billion and Discover had over $102 billion in outstanding balances held by cardholders.  After the acquisition, Capital One had over $237 billion in outstanding balances by cardholders, the largest in the credit card issuing market.

In addition to the credit card market, there is also the credit card payment processing market.  Capital One was not in the processing market.  Discover was fourth largest in that market with sales revenues of $!5 billion.  The other major participants in that market are American Express, Mastercard and Visa.

Capital One is a licensee of Visa and Mastercard in that the cards it issues with Visa and Mastercard brands are processed by Visa and Mastercard.  After the acquisition of Discover by Capital One, Capital One will also be in the card payment processing market, creating a conflict of interest being both a partner and a competitor of Visa and Mastercard at the same time which may create a likelihood of collusion.

The plaintiffs are credit card holders. Some have Capital One credit cards, and some have Discover credit cards and some have both. The acquisition of Discover threatens the plaintiffs with lack of competition in the credit card market in terms of awards, fees, interest rates, reduced service, lower quality, etc. By reason of the acquisition, eliminating the substantial competition of Discover both in the credit card issuer and credit card processing markets may substantially lessen competition in any section of the country which is irreparable harm by reason of the fact that Discover has now been eliminated and cannot come back, depriving the plaintiffs of consumer choice previously offered by Discover.

Defendant's Position:

In February 2024, Capital One agreed to purchase Discover (the "Transaction"). In March 2024, they sought the approval of the Board of Governors of the Federal Reserve ("Federal Reserve") pursuant to the Bank Holding Company Act and of the Office of the Comptroller of the Currency ("OCC") pursuant to the Bank Merger Act. On April 18, 2025, the Federal Reserve and OCC each approved the Transaction, concluding that it was consistent with federal law, was in the public interest, and would not harm competition. The Federal Reserve's 65-page order approving the Transaction sets forth relevant facts about the Transaction, the parties to the Transaction, and the markets at issue. On May 18, 2025, after this Court and the Ninth Circuit denied Plaintiffs' requests to preliminarily enjoin the Transaction, Capital One completed its acquisition of Discover.

Disputed factual issues include:

- Whether the Transaction is likely to substantially lessen competition in a valid relevant market.

- Whether the Transaction's benefits to the public and to competition outweigh any harm to competition.

- Whether Plaintiffs have or will suffer any concrete injury or irreparable harm from the Transaction.

3.    Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs' Position:

The plaintiffs rely upon the following decisions by the Supreme Court of the United States, none of which has been overruled and each of which prohibit the acquisition:

- o   *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962)

- o   *United States v. Von's Grocery Co*., 384 U.S. 270 (1966)

- o   *United States v. Aluminum Company of America,* 377 U.S. 271 (1964)

- o   *United States v. Falstaff Brewing Corporation*, 410 U.S. 526 (1973)

- o   *United States v. Pabst Brewing Co*., 384 U.S. 546 (1966)

- o   *United States v. Philadelphia National Bank*, 374 U.S. 321 (1963)

These decisions by the Supreme Court were characterized by the 7th Circuit, Chief Judge Posner, which elements have never been questioned by any other Court at any other time: namely, that an acquisition is prohibited in which the amount is non-trivial and a significant rival is eliminated following a trend in a concentrated industry.

During the 1980's, a powerful group which included Judge Robert Bjork and Antitrust Chair William Baxter formulated the so-called "merger guidelines" which stated that the Department of Justice and the Federal Trade Commission would not prosecute antitrust cases using the Supreme Court case law but rather using these new guidelines.  It was acknowledged by Mr. Muris, Chairman of the Federal Trade Commissions that the merger guidelines are:

"The [merger] guidelines lack the force of law. They formally bind no one – not the Courts, not other countries, not even the Department of Justice. Yet they have exerted enormous influence on the antitrust enforcement community and the Courts in the United States"

It is the position of the plaintiffs that the Supreme Court rulings are the binding authority and must be followed in determining the legality of mergers.

<u>Defendant's Position</u>:

Disputed points of law include:

- Whether Plaintiffs have Article III standing.

- Whether the Transaction will substantially lessen competition under Section 7 of the Clayton Act. 15 U.S.C. § 18. This includes: (1) whether Plaintiffs have established a valid relevant market, (2) if so, whether Plaintiffs have established a *prima facie* case of competitive harm, (3) if so, whether Capital One has rebutted that case, and (4) if so, whether Plaintiffs have made an additional showing of competitive harm.

- Whether the Transaction's benefits to the public and to competition outweigh any harm to competition under the Bank Holding Company Act and the Bank Merger Act.

- Whether Plaintiffs have or will suffer irreparable injury warranting equitable relief.

- Whether Plaintiffs have established that equitable relief is favored by the equities and the public interest.

4.   Motions
*All prior and pending motions, their current status, and any anticipated motions.*

- Plaintiffs filed an Application for An Order to Show Cause Why Injunction Should Not Issue. ECF No. 5. On May 14, 2025, this Court denied that motion. ECF No. 41.

- Plaintiffs also filed an Emergency Motion Under Circuit Rules 27-3 and 8 to Stay the Acquisition of Discover Pending Appeal with the Ninth Circuit. On May 16, 2025, the Ninth Circuit denied that motion but set a briefing schedule for Preliminary Injunction.

- Plaintiffs anticipate filing the following motions in this Court:

  o Motion to Amend the Complaint to include a charge under Section 4 of the Clayton Act for damages and injunctive relief including divestiture and demand for a jury trial.

  o The defendants have asked for stay of all discovery pending their filing of a Motion to Dismiss.  There is no rule under Federal Rules of Civil Procedure or any statute that provides for such a motion, it should be denied out of hand.

- Defendant anticipates filing the following motions in this Court:

  o A motion to dismiss, which is due July 1, 2025.

  o A motion to stay discovery.

5.    Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

 The Plaintiffs may seek to add Section 4 of the Clayton Antitrust Act for damages, divestiture

 and demand for a jury trial by amendment or a new suit.

6.    Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Plaintiffs' and Defendant's counsel have reviewed the ESI Guidelines. The parties have not yet

met and conferred pursuant to Rule 26(f).

<u>Plaintiffs' Position</u>: Plaintiffs agree to the statement above and believe that initial disclosures should be made in accordance with Rule 26.  Plaintiffs propose that the initial conference should occur this week, May 21-23, 2025, with initial disclosures following in 14 days.  Discovery matters are submitted below in answer to Item 8.

<u>Defendant's Position</u>:

Capital One represents that it has taken reasonable proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Capital One maintains that no discovery should occur until this Court resolves Capital One's forthcoming motion to dismiss.

7.    Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties have not yet made initial disclosures.

<u>Plaintiffs' Position</u>: Initial disclosures are required 14 days after the Rule 26(f) conference.  See, Rule 26(a)(1)(C).  Plaintiffs seek a conference this week, 14 days after which the defendants should make the initial disclosures which are enumerated in Rule 26(a)(1)(A)(i)(ii).

<u>Defendant's Position</u>:

Capital One maintains that no discovery, including initial disclosures, should occur until this Court resolves Capital One's forthcoming motion to dismiss.

8.    Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

<u>Plaintiffs' Position</u>:  Discovery should be completed by August 1, 2025.  Discovery will include limited depositions including the executive officers who participated in the negotiations for the acquisition of Discover and potential third party depositions of executives at Discover and depositions of experts.

Defendant's Position:

The parties have not yet met and conferred pursuant to Rule 26(f). Capital One maintains that no discovery should occur until this Court resolves Capital One's forthcoming motion to dismiss.

9.      Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10.     Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Not applicable.

11.     Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Because the acquisition has been consummated, Plaintiffs seek the divesture of Discover and a permanent injunction prohibiting the re-acquisition of Discover.  Plaintiffs may seek damages pursuant to Section 4 of the Clayton Antitrust Act and disgorgement of any profits derived by reason of the acquisition.

12.     Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiffs' Position:

Plaintiffs are opposed to any settlement or ADR.

Defendant's Position:

Defendant does not believe that, at this time, settlement is likely or that ADR would be productive

or appropriate. The parties have not yet met and conferred pursuant to ADR L.R. 3-5(a).

13.    Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Not applicable.

14.    Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

Plaintiffs Position:  Whether the acquisition threatens damage or injury and that whether the acquisition is determined by the Supreme Court and not the merger guidelines or its progeny.

Defendants' Position:

          Defendants' forthcoming motion to dismiss will likely narrow or eliminate the disputed

issues in this case.

15.    Expedited Trial Procedure
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Plaintiffs' Position:

Plaintiffs believe that there should be an expedited trial and that trial should commence no later

than October 1, 2025.

Defendant's Position:

          Defendant believes that this case cannot be handled under the Expedited Trial Procedure

of General Order 64.

16.    Scheduling
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

<u>Plaintiffs' Position:</u>  Plaintiffs propose that fact discovery be concluded Friday, August 1, 2025, and expert discovery be concluded on Friday, August 15, 2025.  Hearing on Dispositive Motions and Motions in Limine be completed on Friday, August 29, 2025.  Pre-trial conference to be on September 12, 2025 with trial beginning on Monday, September 29, 2025.

<u>Defendant's Position:</u>

Capital One believes that the case schedule should be addressed after this Court resolves the forthcoming motion to dismiss.

17.    Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

<u>Plaintiffs' Position:</u>

Trial by this Court will be for divesture, disgorgement, and permanent injunction; Tiral for damages will be by jury.   Plaintiff estimate trial will require a maximum of five days from September 29, 2025 to October 3, 2025.

<u>Defendant's Position:</u>

If a trial is necessary, this case will be tried to the Court. Defendant will be in a better position to estimate the length of any such trial later in this case, particularly after the Court resolves the forthcoming motion to dismiss, which may resolve all or many of the disputed issues.

18.    Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs believe that Discover is an interested non-party.

Capital One has filed the Certification of Interested Entities or Persons. ECF No. 17.

19.    Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Yes.

20.    Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

  None.

Dated:                              _/s/ Joseph M. Alioto_
                                    Counsel for plaintiffs


Dated:                              _/s/ Ryan A. Shores_
                                    Counsel for defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Attestation**

Under Civil Local Rule 5-1(i)(3), I hereby attest that the other signatory to this document has concurred in its filing.

*/s/ Ryan A. Shores*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE