UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORP., et al.,<br><br>Defendants. | Case No.  25-cv-03769-HSG<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION AND TO CORRECT THE RECORD**<br><br>Re: Dkt. Nos. 76, 83 |

Pending before the Court are Plaintiffs' motion for leave to file a motion for reconsideration and their motion to correct the record.  Dkt. Nos. 76, 83.  The Court **DENIES** the motions.

## I.   DKT. NO. 76

Plaintiffs initially filed this lawsuit on April 30, 2025, seeking to enjoin Capital One's impending acquisition of Discover.  Dkt. Nos. 1, 5.  After the Court denied Plaintiffs' first motion for a preliminary injunction, Dkt. No. 41,  Plaintiffs filed an amended complaint, Dkt. No. 53. The Court dismissed the first amended complaint with leave to amend.  Dkt. No. 72.  Instead of filing an amended complaint, Plaintiffs instead moved for leave to file a motion for reconsideration.  Dkt. No. 76.

Civil Local Rule 7-9 allows a party to seek reconsideration on the following bases:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring

United States District Court
Northern District of California

> after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). A motion for reconsideration is not a vehicle for perpetually relitigating the Court's rulings. *See Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2015 WL 1156765, at *2 (N.D. Cal. March 13, 2015) ("[M]ere disagreement with a court's order does not provide a basis for reconsideration."); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG, 2015 WL 4463742, at *4 (N.D. Cal. July 21, 2015) ("[R]econsideration is not an opportunity to relitigate issues that have already been thoughtfully decided") (quotation omitted).

Plaintiffs fail to make the showing required under the Local Rules. Plaintiffs assert that "in the opinion of the Plaintiffs, the Court overlooked and misapprehended and in some instances misstated material points of fact and law." Dkt. No. 76 at 2. But Plaintiffs do not explain what was purportedly overlooked or misstated. In their reply brief, Plaintiffs contend that "stating the specific material points of fact and law which the Plaintiffs believe the Court misapprehended or overlooked would defeat the purpose of the requirement that a party must seek approval" before filing a motion for reconsideration. Dkt. No. 81 at 2. This is an unserious argument. Parties seeking leave to file motions for reconsideration regularly attach to their filing a substantive motion containing legal and factual arguments for the Court's consideration. Plaintiffs have not done so here, nor have they shown any material difference in the law or fact warranting potential reconsideration. If Plaintiffs are of the "opinion" that the Court erred in rejecting their arguments, the place for them to pursue that disagreement is on appeal. Accordingly, the motion for leave to file a motion for reconsideration is **DENIED**.

## II.   DKT. NO. 83

Shortly before the Court issued its order granting Defendant's motion to dismiss, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Capital One from acquiring an entirely different company, Brex. Dkt. No. 69. When Plaintiffs filed this motion, the operative complaint contained no allegations about Brex. Accordingly, the Court denied the preliminary injunction. Dkt. No. 75. Plaintiffs filed a motion to correct the record for the Court to correct a

2

typographical error, Dkt. No. 78, and the Court issued an amended order, Dkt. No. 82. Plaintiffs then filed an additional motion to correct the record, asking the Court to amend its order to reflect that Plaintiffs could not have pled any facts about Brex in their original order because that acquisition was not contemplated until six months after the filing of the first amended complaint. *See* Dkt. No. 83. The Court **DENIES** that request, because there is nothing to correct. As the noted in its order on the preliminary injunction, the Court had no authority to issue an injunction based on claims not pled in the complaint. Dkt. No. 82 at 1. The fact that Plaintiffs could not have pled such facts in their operative complaint is, plainly, immaterial. Plaintiffs appear to believe, with no basis in law, that this case is an open-ended placeholder for them to challenge any action by Capital One that they might disagree with. That belief is wrong. And the deadline to amend the complaint has passed: the Court directed Plaintiffs to file any amended complaint by April 7, 2026, and they failed to do so.

### III.    CONCLUSION

The Court denies the motions, Dkt. Nos. 76 and 83. Plaintiffs are **ORDERED TO SHOW CAUSE** by May 1, 2026 why this case should not be closed and judgment entered in favor of Defendant given their failure to file an amended complaint by the April 7 deadline. Or, if Plaintiffs decline to amend and seek entry of judgment so that they can appeal, they should confirm as much.

**IT IS SO ORDERED.**

Dated:    4/24/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3